UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARK DONOVAN WILLIAMS,           Case No. 3:12-cv-01986-HA

    Plaintiff,                              OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

HAGGERTY, District Judge:

Plaintiff Mark Donovan Williams seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be affirmed.

1 - OPINION AND ORDER

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

2 - OPINION AND ORDER

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on January 25, 1957 and continued his education through the tenth grade. Plaintiff protectively filed his application for DIB on March 14, 2006, alleging that he has

3 - OPINION AND ORDER

been disabled since April 1, 1997. Plaintiff then filed a written request for a hearing on November 29, 2006. On January 13, 2009, plaintiff appeared and testified at a hearing, and the Administrative Law Judge (ALJ) issued a decision on February 2, 2009, denying his application for benefits. On March 18, 2010, the Appeals Council vacated the ALJ's decision and remanded the case to address plaintiff's "maximum residual functional capacity, obtain the missing third party evidence and place it in the file, obtain evidence from a medical expert to clarify the nature and severity of the [plaintiff's] mental impairments and obtain supplemental evidence from a vocational expert." Tr. 18.[1] An ALJ conducted a second hearing on July 13, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE) and a medical expert.

On July 26, 2011, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since April 1, 1997, the alleged onset date. Tr. 21, Finding 2. At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: bipolar disorder and substance abuse disorder in combination. Tr. 21, Finding 3. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff's impairments, including the substance use disorders, medically equal section(s) 12.09 of 20 C.F.R. § 404.1520(d). Tr. 21, Finding 4. Pursuant to the social security disability drug and alcohol analysis, the ALJ continued the disability evaluation to determine whether plaintiff would continue to be disabled if his drug and alcohol use stopped. Tr. 23. The ALJ found that, if drug

---

[1] "Tr." refers to the Transcript of the Administrative Record.

and alcohol use stopped, plaintiff would have no severe impairments at the second step of the analysis. Tr. 23.

On September 7, 2012, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff asserts that the ALJ erred by failing to find that plaintiff had a medically determinable impairment of schizophrenia. Specifically, plaintiff explains that he was twice diagnosed by treating physicians with schizophrenia. First, in 1973, R. Ditmore, M.D., diagnosed plaintiff upon intake to Dammasch State Hospital with "schizophrenia, schizo-effective type." Tr. 1086. Plaintiff's diagnosis upon discharge was "psychosis with drug intoxication" but the notes did not explain that the initial diagnosis was inaccurate. Tr. 1099. On April 4, 1974, plaintiff was readmitted to Dammasch State Hospital. Upon readmittance, Shirley Deale, M.D., diagnosed plaintiff with "acute schizophrenic episode." Tr. 1101. Upon discharge five months later, plaintiff was diagnosed with "manic depressive psychosis, manic phase." Tr. 1115. Additionally, plaintiff relies on the testimony of testifing non-examining psychologist Robert Davis, Ph.D. In plaintiff's second hearing, Dr. Davis concluded that plaintiff's primary condition was schizophrenia.

Defendant argues that the ALJ properly rejected schizophrenia as a severe impairment. The ALJ acknowledged that Dr. Davis endorsed a diagnosis of schizophrenia, but the ALJ noted that Dr. Davis did so only at the second hearing - not the first. Additionally, the ALJ discounted Dr. Davis' testimony because his conclusion is inconsistent with his testimony that an individual

5 - OPINION AND ORDER

with schizophrenia could not ordinarily go three years without symptoms, as plaintiff did. An ALJ may reject a medical opinion if it is conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Additionally, the ALJ found little support for a diagnosis of schizophrenia in the record. In considering plaintiff's schizophrenia diagnosis upon admittance to Dammasch State Hospital in 1973, the ALJ reasoned that plaintiff was under the influence of drugs and alcohol, and no evidence of delusions and hallucinations appear after August 10, 1973.

However, the ALJ failed to address plaintiff's readmission to Dammasch State Hospital in 1974, during which he was once again diagnosed with schizophrenia. At that time, plaintiff was "disorganized and confused" and he "spoke grandly of his jobs and ended up in a very confused way, describing about 6 jobs at once." Tr. 1100.

Defendant argues that plaintiff's reliance on medical records from 1973 and 1974 is misplaced, because they are of limited relevance to plaintiff's functioning during his alleged period of disability. The Ninth Circuit has stated that "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). However, it is also clear from Ninth Circuit precedent and the Social Security Regulations that "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).; 20 C.F.R. § 404.1527(b) and (c). Thus, the ALJ erred in failing to consider Dr. Shirley Deale's schizophrenia diagnosis in 1974.

Still, a court may not reverse a ALJ's decision on account of an error that is harmless. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012). An "ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Id.* at 1115 (internal quotations

omitted). Here, the ALJ based his determination on the inconsistency of a diagnosis of schizophrenia with the record as a whole. As the ALJ explained, Dr. Davis testified that an individual with schizophrenia would not ordinarily go without symptoms for three years, and plaintiff has not been diagnosed with schizophrenia since 1974, despite treatment from several mental health professionals. The ALJ also reasoned that the diagnoses of schizophrenia were made during a period of heavy drug and alcohol use.

Plaintiff argues that the ALJ's error was not harmless because, in failing to recognize schizophrenia as a severe impairment, the ALJ never had the opportunity to use plaintiff's testimony in determining whether plaintiff suffered from schizophrenia. However, in addition to the above-stated reasons for concluding that the ALJ's error was harmless, plaintiff himself described his mental condition as bipolar disorder - not schizophrenia. Therefore, the ALJ's failure to comment on Dr. Deale's opinion was harmless.

## CONCLUSION

This court concludes that the Acting Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record. The Acting Commissioner's decision denying Mark Donovan Williams benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 13 day of January, 2014.

Ancer L. Haggerty
United States District Judge